UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BAILEY ROMERO** | : | **DOCKET NO. 15-cv-1682** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **NEXEN PETROLEUM USA, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) or Alternatively, Motion to Set Aside Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) [doc. 22], filed by defendant Wood Group P S N, Inc. ("Wood Group"). Plaintiff Bailey Romero ("Romero") has not filed a response. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

On May 13, 2015, Plaintiff Bailey Romero ("Romero") filed suit against Defendants Island Operating Co., Inc. ("Island Operating Co.") and Nexen Petroleum U.S.A., Inc. ("Nexen Petroleum") under the General Maritime Laws of the United States and general negligence laws of the State of Louisiana. Doc. 1. Romero alleges that the defendants' negligence caused him to sustain injuries when he struck his head on a deck beam while working on a platform on the Outer Continental Shelf off the coast of Louisiana. *Id.* at pp. 2-3.

A summons was issued as to both defendants, [doc. 2], and each was returned executed on June 4, 2015. Docs. 3, 4. Proof of Service was filed in the record showing that service of process

was made on Paula Glaser at Corporation Service Co. ("CSC") on behalf of Nexen Petroleum. Doc. 4. CSC is the registered agent for Nexen Petroleum in the State of Louisiana. Affidavit of Steve Kirvan, [doc. 22-3], para. 7. Nexen Petroleum filed an Answer on June 25, 2015. Doc. 5. On August 25, 2015, Romero filed a Notice of Voluntary Dismissal as to Island Operating Co. pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), terminating Island Operating Co. from the suit. Doc. 7.

With leave of court, Romero filed an Amended Complaint on January 19, 2016, adding Wood Group as a defendant to the suit. Doc. 11. A summons was issued as to Wood Group on January 20, 2016. Doc. 12. The summons was returned executed on February 16, 2016, indicating that Wood Group was served on February 3, 2016. Doc. 13. The Proof of Service stated that the summons was served on Paula Glaser at CSC on behalf of Wood Group. *Id.* CSC is the registered agent for Wood Group in the State of Louisiana. Affidavit of Steve Kirvan, [doc. 22-3], para. 6. Wood Group did not file an Answer within twenty-one days of being served. On May 23, 2016, the clerk entered a Notice of Intent to Dismiss Wood Group for failure to prosecute when Romero did not file a motion for entry of default sixty days after service. Doc. 15.

On June 3, 2016, Romero moved for an extension of time to take a default against Wood Group, [doc. 16], and on June 8, 2016, Romero was granted thirty days to do so. Doc. 17. On July 7, 2016, Romero moved for entry of default as to Wood Group. Doc. 18. The Clerk of Court noticed an entry of default against Wood Group on July 8, 2016. Doc. 19. The notice stated that, pursuant to Federal Rule of Civil Procedure 55, the Court will only issue a default judgment upon a motion by the plaintiff filed after fourteen days after the entry of the Notice. Doc. 19.

On January 9, 2017, Romero and Nexen Petroleum filed a Joint Motion to Dismiss with Prejudice, [doc. 20], which was granted on January 11, 2017. Doc. 21.

On January 10, 2017, the clerk entered a "Notice of Corrective Action" regarding the Clerk's "Entry of Default" against Wood Group. The notice stated that the "Clerk added last known address for Wood Group P S N Inc. and mailed copy of Clerk's Entry of Default this date." On January 24, 2017, Wood Group filed the instant Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) or Alternatively, Motion to Set Aside Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c). Doc. 22. In this motion, Wood Group argues both alternatives on the basis that it was not properly served because a summons was not served with a copy of the Amended Complaint as required under Federal Rule of Civil Procedure 4. *Id.* A motion setting was entered providing Romero twenty-one days in which to respond to Wood Group's motion. Doc. 23. Romero did not file a response.

## II.
## LAW & ANALYSIS

A plaintiff has the responsibility of serving a defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When serving a corporation, a plaintiff may serve the defendant in the same manner in which an individual must be served, or "by delivering a copy of the summons and of the complaint" to a defendant's agent who is authorized to receive service of process. Fed. R. Civ. P. 4(h). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve the defendant within 90 days, the court must extend the time for service for an appropriate period. *Id.*

A party may assert a defense by motion for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134,

1139 (5th Cir. 1980) (citing 5 Wright & Miller, *Federal Practice and Procedure* § 1353 (1969)); *see also Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Romero filed an Amended Complaint on January 19, 2016, adding Wood Group as a defendant. Doc. 11. On February 16, 2016, Romero filed Proof of Service in the record purporting to show that Wood Group's registered agent had been served with the summons. Doc. 13. Wood Group contends that, despite the Proof of Service entered in the record, the service of process was insufficient because its registered agent, CSC, was not served with the summons. Doc. 22-1, p. 5. In support, Wood Group submits the affidavit of CSC's Service of Process Research Coordinator, Steve Kirvan ("Kirvan"), in the Litigation Management Department. *Id.*, Exh. 1.

Kirvan states that his job is to "access and review business records of CSC relating to receipt of service of process and to communicate with customers and agents of CSC in order to determine when and whether legal process has been served on a customer." *Id.*, Exh. 1, para. 2. Kirvan states that according to CSC's records kept in the regular and ordinary course of business, on February 3, 2016, CSC received a Complaint for Damages and First Amending Complaint in the instant matter. *Id.*, Exh. 1, para. 8. Kirvan continues that CSC forwarded these documents to Nexen Petroleum on February 4, 2016, because it "identified Nexen Petroleum as the entity for service based on the service list shown on page five" of those documents. *Id.*, Exh. 1, paras. 9, 12. Kirvan also states that CSC does not have a record of receiving a summons and complaint directed to Wood Group and that it did not receive a record of the Proof of Service as to Wood Group until January 16, 2017. *Id.*, Exh. 1, paras. 10, 11, 13. The fifth and final page of the Complaint for Damages, which Wood Group attaches as Exhibit A to Kirvan's affidavit, states "Please Serve" and lists Nexen Petroleum and Island Operating Co. *See id.*, Exh. 1, Exh. A, p. 5; *see also* Complaint for Damages [doc. 1], p. 5. The First Amending Complaint makes Wood Group an

additional defendant, however, there is no page instructing service incorporated into the First Amending Complaint. *See id.*, Exh. 1, Exh. A; *see also* First Amending Complaint [doc. 11].

Because Wood Group has challenged the sufficiency of Romero's service of process with supporting evidence, and because Romero has not responded to establish the validity of the service of process, the Court finds that Romero's service of process was insufficient. Wood Group files the instant motion more than 90 days after Romero filed the Amended Complaint adding Wood Group as a defendant. As Romero has not responded to Wood Group's motion, the Court finds he has failed to show good cause for extending the time for service. Therefore, the action against Wood Group must be dismissed without prejudice.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) or Alternatively, Motion to Set Aside Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) be **GRANTED** on the basis of the first alternative, and that the claims against Wood Group be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 9th day of November, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE